(May 14, 1982)

■ In the Matter of MARVIN WOLINETZ, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner. — In a proceeding to discipline respondent, an attorney and counselor at law, for professional misconduct, the issues raised by the petition and the answer are referred to W. Bernard Richland, Esq., 200 Park Avenue, New York, N. Y. 10017, as special referee, to hear and to report, with his findings upon each of the issues. The hearing is to be expedited. Motion by petitioner to suspend respondent granted. Respondent is suspended forthwith from the practice of law, pending the resolution of this disciplinary proceeding. Mollen, P. J., Damiani, Titone, Lazer and Weinstein, JJ., concur.

(May 17, 1982)

■ ALAND PROPERTIES CORP. et al., Respondents, v COUNTY OF ROCKLAND et al., Appellants. — In an action for a declaratory judgment and a permanent injunction, defendants appeal from an order of the Supreme Court, Rockland County (Walsh, J.), entered August 25, 1981, which denied, without a hearing, their motion to vacate and set aside a preliminary injunction issued December 15, 1980. Order reversed, with $50 costs and disbursements, and matter remitted to Special Term for a hearing on the merits of defendants' motion. We note initially that CPLR 6314 allows a defendant to move to vacate a preliminary injunction, on notice to the plaintiff, "at any time". Special Term thus erred in declining to consider the merits of defendants' motion. We also find that there is an insufficient factual basis in the record on which to review the merits of the granting of the preliminary injunction. Furthermore, the record fails to set forth a factual basis underpinning the sufficiency of the undertaking required by Special Term. We therefore remit the matter to Special Term and direct that it hold a hearing on the merits of defendants' motion, ascertain further facts, and make findings of fact as to the basis for its decision. Mollen, P. J., Titone, Thompson and Rubin, JJ., concur.